United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41501
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON FRANKLIN, also known as Sircrease D. Brooks,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:01-CR-3-2
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges

PER CURIAM:*

　　Brandon Franklin conditionally pleaded guilty to possessing with the intent to distribute a mixture or substance containing more than four kilograms of codeine.  See 21 U.S.C. § 841(a)(1). Franklin was a passenger in a vehicle that was stopped for following too closely, a violation of TEX. TRANSP. CODE § 545.062(a).  He appeals the district court's denial of his motion to suppress evidence.

---

　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Franklin first argues that the initial stop of the vehicle was unlawful. He contends that because the Texas statute lacks a clear standard, the officer's stop was based on mere opinion or judgment. He argues that the officer's subjective intent should be closely scrutinized.

The stop of an automobile by police must be reasonable under the Fourth Amendment. See Whren v. United States, 517 U.S. 806, 810 (1996). The evidence adduced at the suppression hearing, when viewed in the light most favorable to the party prevailing below, see United States v. Muniz-Melchor, 894 F.2d 1430, 1433-34 (5th Cir. 1990), supports the district court's determination that there was probable cause for the stop of the vehicle. Because the legal justification for the stop was objectively grounded in the observations and knowledge of the officer, the officer's subjective intent is irrelevant. See United States v. Lopez-Valdez, 178 F.3d 282, 288 (5th Cir. 1999).

Franklin also argues that his prolonged detention was unlawful under the Fourth Amendment, and he challenges the lawfulness of the search of the vehicle. This court recently considered the appeal of Reginald Brigham, the driver of the vehicle in which Franklin was a passenger. See United States v. Brigham, 382 F.3d 500 (5th Cir. 2004)(en banc). In Brigham we upheld the validity of the detention, questioning, and search at issue here, rejecting the same arguments raised herein by Franklin. See Brigham, 382 F.3d at 506-12. We are satisfied that the detention and questioning of

Franklin was justified under the circumstances and that the search of the vehicle was conducted pursuant to Brigham's voluntary consent.  See id.

The judgment of the district court is AFFIRMED.